UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                         :

UNITED STATES OF AMERICA

                                         :

    -v.-

                                         :          13 Cr. 142 (PAC)

ALONZO JACKSON,

                                         :

                Defendant.

                                         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


## GOVERNMENT'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANT'S MOTION FOR A PRETRIAL RULING THAT HE IS NOT SUBJECT TO THE SENTENCING ENHANCEMENTS OF 18 U.S.C. § 924(e)


                                                               PREET BHARARA
                                                               United States Attorney for the
                                                                Southern District of New York
                                                               One St. Andrew's Plaza
                                                                New York, New York 10007

Negar Tekeei
Assistant United States Attorney
      - Of Counsel -

The Government respectfully submits this memorandum of law in response to the motion of defendant Alonzo Jackson ("defendant") dated May 14, 2013, whereby the defendant moves for a pre-trial ruling that he is not subject to the sentencing enhancements of 18 U.S.C. § 924(e).

In his motion, the defendant contends that he is not subject to the enhanced sentencing provisions of 18 U.S.C. § 924(e) because none of his prior New York state convictions for drug offenses are "serious drug offenses" within the meaning of the statute. The defendant asks for a pretrial ruling on this issue "in order to permit [him] to make a knowing and intelligent decision on how to proceed with his case[.]" Def.'s Mot. at 2.

The defendant's prior controlled substance convictions are "serious drug offenses" under § 924(e)(2)(A)(ii), as interpreted by the Supreme Court in McNeill v. United States, 131 S. Ct. 2218 (2011). Accordingly, if it finds that the defendant's motion is ripe for review, this Court should find that 18 U.S.C. § 924(e)'s enhanced sentencing provisions apply.

## BACKGROUND

### I. The Arrest

On the afternoon of January 15, 2013, the defendant was seen holding a gun and firing shots at a van that was driving away from him in the vicinity of East 153rd Street and River Avenue in the Bronx, New York. Compl. ¶ 4(b). The defendant was then seen placing the gun into his right pocket and walking down East 153rd Street. Id. ¶¶ 4(c), (d). A witness called the police and provided a description of the defendant. Id. A little while later, New York City Police Department officers who had received a radio transmission regarding the shooting and a description of the defendant saw the defendant walking in the vicinity of 153rd Street and Gerard Avenue. Id. ¶¶ 3(b), (c). One of the officers noticed a bulge in the defendant's right jacket

pocket. Id. ¶ 3(d). The officer asked the defendant to raise his hands to shoulder level, and observed the handle of a gun sticking out of the defendant's right jacket pocket. Id. ¶ 3(f). The officer secured the firearm, which was later identified as an Arminius .32 caliber revolver. Id. ¶ 3(g).

## II.   The Charges

The defendant was arrested and charged, in New York State Supreme Court, Bronx County, with various state law charges in connection with his possession and use of a firearm. On January 17, 2013, the defendant was charged by federal complaint with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1), and, on January 30, 2013, the defendant was transferred into federal custody for presentment on the charge.

On February 28, 2013, a grand jury charged the defendant in the instant case with being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1). The Indictment provided notice to the defendant that, because he has been convicted of at least three "serious drug offenses," he is subject to a sentencing enhancement pursuant to Title 18, United States Code, Section 924(e). As set forth in the Indictment, the defendant's prior convictions include: (i) a conviction on or about January 29, 1991, in New York State Supreme Court, Queens County, for Criminal Sale of a Controlled Substance in the Third Degree, a class B felony, in violation of New York Penal Law Section 220.39; (ii) a conviction on or about January 29, 1991, in New York State Supreme Court, Queens County, for Criminal Sale of a Controlled Substance in the Third Degree, a class B felony, in violation of New York Penal Law Section 220.39; and (iii) a conviction on or about July 13, 2004, in New York State Supreme

Court, New York County, for Criminal Sale of a Controlled Substance in the Third Degree, a class B felony, in violation of New York Penal Law Section 220.39.

## DISCUSSION

I.  **A Decision Regarding Whether 18 U.S.C. § 924(e) Applies Will Be Ripe For Adjudication Upon The Defendant's Statement Of His Intention To Plead Guilty.**

The first issue for this Court to consider is ripeness. The defendant claims that the question whether 18 U.S.C. § 924(e)—which provides for a mandatory term of fifteen years' imprisonment in cases in which a person convicted under 18 U.S.C. § 922(g)(1) has three previous convictions for a violent felony or a serious drug offense—applies is ripe for adjudication now, as opposed to after conviction, because he is entitled to be advised of the minimum and maximum penalties he faces prior to entering a guilty plea. See Def.'s Mot. at 12-13. It is true that, if the defendant states his intention to plead guilty, this Court must accurately advise him of the potential maximum and mandatory minimum sentence. See Fed. R. Crim. P. 11(b)(1)(I)(H)-(I); United States v. Peterson, 288 Fed. Appx. 727, 729 (2d Cir. 2008) (guilty plea must be both knowing and voluntary). However, the law in this Circuit is that the issue of the potential maximum and mandatory minimum a defendant faces becomes ripe for adjudication only after the defendant states his intention to plead guilty. See United States v. Santana, 761 F. Supp. 2d 131, 141-42 (S.D.N.Y. 2011) (finding ripe the issue of the applicability of the Fair Sentencing Act to a defendant who had not yet pled guilty, but who represented that he would plead guilty if the Court declared the Fair Sentencing Act applicable in his case, because that defendant was "in essentially the same position as the Defendants who [had] pled guilty and who await[ed] sentencing"); United States v. Simard, No. 2:10-cr-47, 2011 WL 6217305, at *1-2 (D. Vt. Dec. 13, 2011) (whether the defendant was subject to a ten-year mandatory minimum

4

sentence was an issue ripe for adjudication as to the defendant who had agreed to plead guilty); see also United States v. Easley, No. 10-20642, 2011 WL 1743905, at *7 (E.D. Mich. May 6, 2011) (issue of the applicability of the Fair Sentencing Act was not ripe for adjudication as to defendant who had not offered to plead guilty).[1] As the defendant has not yet made clear his intention to plead guilty, this issue is not ripe for adjudication. If, however, the defendant makes such a showing, this Court should conclude that 18 U.S.C. § 924(e) applies.

## II. The Defendant's Three Prior New York State Controlled Substance Convictions Are "Serious Drug Offenses" Under 18 U.S.C § 924(e).

The Armed Career Criminal Act ("ACCA") requires that individuals who are convicted of violating 18 U.S.C. § 922(g) and who "ha[ve] three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another" be sentenced to at least fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). A prior controlled substance conviction is a "serious drug offense" if "a maximum term of imprisonment of ten years or more is prescribed by law" for the offense. Id. § 924(e)(2)(A)(ii). In McNeill v. United States, 131 S. Ct. 2218 (2011), the Supreme Court unanimously held that, in determining whether a prior conviction qualifies as a "serious drug offense," a federal court must "consult the maximum sentence applicable to a defendant's previous drug offense at the time of his conviction for that offense." Id. at 2221-22.

The defendant does not challenge the fact that, at the time of the three prior convictions detailed in the Indictment, the maximum penalty under New York law for each of these convictions was twenty-five years' imprisonment. Nor could he. The defendant's three prior

---

[1] In United States v. Sanders, No. 88-CR-141, 1988 WL 107377, at *1 (N.D. Ill. Oct. 4, 1988), the court held that whether the defendant's prior attempted burglary was a "violent felony" under 18 U.S.C. § 924(e)(1) was an issue ripe for adjudication prior to guilty plea because the defendant must be aware of the possible sentence to be imposed in order to plead intelligently. However, it is not clear from the opinion whether the defendant in Sanders had articulated an intention to plead guilty.

5

New York state controlled substance convictions detailed in the Indictment are plainly "serious drug offenses" under 18 U.S.C. § 924(e).[2] As set forth in the Indictment, the predicate convictions are:

> (1) a conviction on or about January 29, 1991, in New York State Supreme Court, Queens County, for Criminal Sale of a Controlled Substance in the Third Degree, a class B felony, in violation of New York Penal Law Section 220.39, for which the defendant was sentenced on February 21, 1991 to a term of 16 months to four years' imprisonment;

> (2) a conviction on or about January 29, 1991, in New York State Supreme Court, Queens County, for Criminal Sale of a Controlled Substance in the Third Degree, a class B felony, in violation of New York Penal Law Section 220.39, for which the defendant was sentenced on February 21, 1991 to a term of 16 months to four years' imprisonment, to run concurrently to the sentence imposed in subparagraph (a), above;[3] and

> (3) a conviction on or about July 13, 2004, in New York State Supreme Court, New York County, for Criminal Sale of a Controlled Substance in the Third Degree, a class B felony, in violation of New York Penal Law Section 220.39, for which the defendant was sentenced on February 9, 2005, to a term of one to three years' imprisonment.

At the time of the defendant's three convictions that are set forth in the Indictment, the maximum sentence for a class B felony under New York law was twenty-five years' imprisonment. See N.Y. Pen. Law § 70.00(2)(b) (1987); N.Y. Pen. Law § 70.00(2)(b) (1998). Accordingly, the defendant's three prior convictions are all "serious drug offenses" under 18 U.S.C § 924(e).

### III. Despite Recent Amendments to New York's Sentencing Scheme for Class B Felony Narcotics Offenses, the Defendant Remains Subject to Sentencing Enhancement Under 18 U.S.C. § 924(e).

The heart of the defendant's argument is that, under a subsequent change in New York state law, his prior convictions no longer qualify as "serious drug offenses" because New York

---

[2] The three predicate offenses necessary to trigger Section 924(e)'s mandatory minimum do not have to be identified in the Indictment, submitted to a jury, or proved beyond a reasonable doubt. United States v. Santiago, 268 F.3d 151, 154-55 (2d Cir. 2001).

[3] Although the defendant was convicted and sentenced for the crimes detailed in subparagraphs (1) and (2) on the same day, each conviction arose out of separate arrests and charges. See Def.'s Mot. Ex. A at 4-7 (Criminal History Report); Def.'s Mot. Ex. B at 3-4 (Certificates of Disposition of Indictment).

lowered the maximum penalty for his drug convictions. He argues that, under <u>current</u> state law, none of the class B felonies for which he was convicted carry a maximum sentence of ten years' or more imprisonment. However, the change in New York state law has no impact on the defendant's case. That is because, in <u>McNeill</u>, the Supreme Court held that courts must "consult the maximum sentence applicable to a defendant's previous drug offense <u>at the time of his conviction</u> for that offense." 131 S. Ct. at 2221-22 (emphasis added); <u>Rivera</u> v. <u>United States</u>, No. 11-5155-pr, 2013 WL 2278408, at *3 (2d Cir. May 24, 2013) ("In <u>McNeill</u>, the Supreme Court held that predicate drug-related felonies are determined by reference to the 'maximum term of imprisonment' applicable to a defendant's previous drug offense at the time of the defendant's state conviction for that offense.") (quoting <u>McNeill</u>, 131 S. Ct. at 2224, 2223) (internal quotations omitted)). Here, the defendant faced a maximum of twenty-five years' imprisonment at the time of his conviction for each of the three prior drug felony offenses detailed in the Indictment.[4]

The defendant's attempts to distinguish <u>McNeill</u> are unavailing. <u>McNeill</u> did not address the "situation in which a State subsequently lowers the maximum penalty applicable to an offense <u>and makes that reduction available to defendants previously convicted and sentenced for that offense</u>." <u>McNeill</u>, 131 S. Ct. at 2224 n. 1 (emphasis added). The defendant seeks relief in this language, claiming that the defendant's case "fits squarely within footnote one of <u>McNeill</u>," in that, subsequent to the defendant's convictions, New York lowered the maximum penalty

---

[4] The defendant was also convicted, on or about January 20, 2005, in New York State Supreme Court, New York County, for Criminal Sale of a Controlled Substance in the Third Degree, a class B felony, in violation of New York Penal Law Section 220.39, for which the defendant was sentenced on February 15, 2005, to a term of one year imprisonment to run consecutive to the sentence for his July 13, 2004 conviction. Def.'s Mot. at 6 & n.2; Def.'s Mot. Ex. B at 3-4 (Certificates of Disposition of Indictment). However, because this conviction occurred after New York lowered the maximum penalties for a class B narcotics offense to nine years' imprisonment, the January 20, 2005 conviction is not a "serious drug offense" under 18 U.S.C. § 924(e).

7

applicable to the defendant's offenses and made the ameliorative provisions available to "individuals like" the defendant. Def.'s Mot. at 10. To the contrary, while enactment of the Drug Law Reform Acts ("DLRA") in New York subsequent to the defendant's convictions lowered the maximum sentences for certain controlled substance offenses, see generally N.Y. Penal Law §§ 60.04 and 70.70, and, in particular, lowered the maximum sentence for class B felony narcotics offenses to nine years' imprisonment, these amendments typically applied only prospectively.[5] See Rivera, 2013 WL 2278408, at *4 (holding that the DLRA passed in 2004 and 2009 are "non-retroactive – and therefore governed by McNeill"); People v. Utsey, 7 N.Y.3d 398, 404 (2006) ("Under the plain language of the statute, the relevant provisions of the [2004] DLRA are intended to apply only to crimes committed after its effective date."). Furthermore, any ameliorative resentencing provisions that were made available to certain individuals did not, in fact, apply to the defendant. See N.Y. Crim. Proc. Law § 440.46(1). Therefore, under McNeill, the defendant remains subject to the sentencing enhancement provisions of 18 U.S.C. § 924(e).[6]

### A. The DLRA's Resentencing Provisions Do Not Apply to the Defendant.

The DLRA passed in 2009 does have some retroactive aspects, permitting resentencing of certain individuals convicted of class B felony narcotics offenses that were committed prior to

---

[5] The 2004 DLRA included sentencing reforms that, in part, reduced the maximum terms of imprisonment applicable to various non-violent drug-related offenses, including class B felony narcotics offenses. See Rivera, 2013 WL 2278408, at *1. In 2005, the New York state legislature enacted additional reforms that expanded the ameliorative provisions of the DLRA. Id. at *1, n.2. The defendant's arguments do not relate to the 2005 reforms.

[6] The defendant relies heavily on the Second Circuit's decision in United States v. Darden, 539, F.3d 116 (2d Cir. 2008), for its interpretation of the New York legislature's intent in passing the DLRA. As the Second Circuit recently recognized, McNeill abrogated Darden on the issue presented by the defendant's current motion—namely, whether predicate felonies under ACCA are determined by reference to the maximum state sentence in effect at the time of a defendant's conviction for the state law offense. See Rivera, 2013 WL 2278408, at *5.

January 13, 2005, but those retroactive aspects do not apply to this defendant. Pursuant to the 2009 DLRA, New York Criminal Procedure Law § 440.46 states, in part:

> Any person <u>in the custody of the department of corrections and community supervision</u> convicted of a class B felony offense defined in article two hundred twenty of the penal law which was committed prior to January thirteenth, two thousand five, <u>who is serving an indeterminate sentence with a maximum term of more than three years</u>, may, except as provided in subdivision five of this section, upon notice to the appropriate district attorney, apply to be resentenced to a determinate sentence in accordance with sections 60.04 and 70.70 of the penal law in the court which imposed the sentence.

N.Y. Crim. Proc. Law § 440.46(1) (emphasis added); see also People v. Overton, 86 A.D.3d 4, 13 (N.Y. App. Div. 2011) (in order to apply for resentencing under N.Y. Crim. Proc. Law § 440.46, a person must (1) be in the custody of the Department of Correctional Services; (2) have been convicted of certain classes of felony offenses defined in article 220 of the Penal Law; (3) have committed the offense prior to January 13, 2005; (4) be serving an indeterminate sentence with the maximum term of more than three years' imprisonment; and (5) not be serving a sentence on a conviction for or have a predicate felony conviction for an exclusion offense).

However, contrary to the defendant's argument, the remedial provisions of New York Criminal Procedure Law § 440.46 were not made available to him because he would not, in fact, qualify for relief under its provisions. Here, the defendant was released from prison to parole on December 29, 2005, discharged from parole on December 6, 2007, and at liberty when he committed the instant offense. See Def.'s Mot. Ex. A at 9 (Criminal History Report). He was, therefore, not "in the custody of the department of corrections and community supervision," at the time the 2009 DLRA took effect or at the time he committed the instant offense. N.Y. Crim. Proc. Law § 440.46(1). In addition, the sentence he received for the July 13, 2004 conviction listed in the Indictment was one to three years' imprisonment, which is not "an indeterminate

9

sentence with a maximum term of <u>more than</u> three years." <u>Id.</u> (emphasis added). Therefore, the defendant would not be eligible for resentencing under the plain language of the DLRA. <u>See</u> e.g., <u>People</u> v. <u>Lankford</u>, 938 N.Y.S.2d 784, 785-87 (N.Y. Sup. Ct. 2012) (defendant, who had been released on parole after a conviction for criminal possession of a controlled substance in the third degree, a class B felony, under New York Penal Law § 220.39, was not incarcerated when he moved for resentencing and, therefore, not eligible for resentencing relief under the DLRA); <u>cf.</u> <u>Rivera</u>, 2013 WL 2278408 at *3 n.4 ("It is unclear whether these reductions extend to non-incarcerated class B felons. . . . This remains an open issue in the New York Court of Appeals." (citations omitted).[7]

### B. Under <u>McNeill</u>, the Defendant is Subject to 18 U.S.C. § 924(e).

As the defendant would not be eligible for resentencing under the DLRA, it cannot be said that the DLRA's retroactive aspects were "made available" to the defendant such that he could avail himself of the exception left open by the Supreme Court in <u>McNeill</u>. <u>See</u> <u>McNeill</u>, 131 S. Ct. at 2224 n.1. In a decision issued after the defendant filed the instant motion, the Second Circuit Court of Appeals, applying <u>McNeill</u>, held that where the retroactive aspects of the DLRA did not apply to the defendant and did not reduce the "maximum sentence applicable" to his prior drug conviction, the defendant's prior drug conviction "counts as a predicate 'serious drug offense' under ACCA." <u>Rivera</u>, 2013 WL 2278408, at *5.

In <u>Rivera</u>, the defendant was sentenced pursuant to ACCA to a mandatory minimum term of fifteen years' imprisonment after pleading guilty to possession of a firearm in violation of 18 U.S.C. § 922(g)(1). <u>Id.</u> at *1. The defendant subsequently moved, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence, arguing that the DLRA lowered the maximum

---

[7] Although <u>Rivera</u> refers to whether the change in New York law applies to non-incarcerated individuals, the defendant was neither incarcerated nor on parole at the time the 2009 DLRA was passed and, therefore, whatever open issue is identified in <u>Rivera</u> does not apply to this case.

sentence applicable to his prior felony narcotics conviction and rendered him no longer subject to a sentencing enhancement pursuant to ACCA. Id. The prior conviction at issue was the defendant's October 2000 conviction for attempted criminal sale of a controlled substance in the third degree, in violation of New York State Penal Law §§ 110 and 220.39, a class C felony, which, in addition to his prior felony robbery conviction and a prior attempted assault conviction, subjected the defendant to 18 U.S.C. § 924(e)'s sentencing enhancement. Id. Reciting the history of the DLRA and its ameliorative provisions, id. at *2-3, the Second Circuit found that, although the DLRA reduced the maximum sentence applicable to class C offenses, none of the DLRA's retroactive provisions applied to the defendant and, therefore, did not reduce the "maximum sentence applicable" to the defendant's prior drug conviction. Id. at *5. As a result, under McNeill, the defendant's prior drug conviction remained a predicate "serious drug offense" for purposes of 18 U.S.C. § 924(e)'s sentencing enhancement and the defendant was not eligible for resentencing relief under 28 U.S.C. § 2255. Id.

   Like the defendant in Rivera, the defendant here would be ineligible for relief under the retroactive provisions of the DLRA. As a result, the DLRA did not reduce the "maximum sentence applicable" to the defendant's prior drug convictions, and he remains subject to 18 U.S.C. § 924(e)'s sentencing enhancement. In short, the defendant has three prior controlled substance convictions that qualify as "serious drug offenses" because they were punishable by a maximum term of twenty-five years' imprisonment at the time of the convictions. Accordingly, the defendant is subject to the enhanced sentencing provisions of 18 U.S.C. § 924(e).

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that, if this Court finds the defendant's motion ripe for review, it determines that the sentencing enhancements of 18 U.S.C. § 924(e) apply.

Dated: New York, New York
       May 28, 2013

                                       Respectfully submitted,

                                       PREET BHARARA
                                       United States Attorney for the
                                       Southern District of New York

                 By:        _____
                                       Negar Tekeei
                                       Assistant United States Attorneys
                                       (212) 637-2482

## AFFIRMATION OF SERVICE

NEGAR TEKEEI, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York. On May 28, 2013, I caused the Government's Memorandum of Law in Opposition to Defendant's Motion for a Pretrial Ruling to be delivered by electronic mail and ECF to Jonathan Marvinny, Esq., counsel for Alonzo Jackson.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: New York, New York
       May 28, 2013

By: _____
    Negar Tekeei
    Assistant United States Attorney